IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-MJ-4203-JDG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| TANDRE BUCHANAN, Jr., | ) | |
| | ) | **ORDER ON GOVERNMENT'S** |
| Defendant. | ) | **MOTION FOR DETENTION** |
| | ) | |
| | ) | **ORDER ON GOVERNMENT'S** |
| | ) | **MOTION FOR STAY** |

**I.      Government's Motion for Detention**

The United States has charged Defendant Tandre Buchanan by complaint filed on June 11, 2020 with one count of Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951. If convicted, defendant faces up to a twenty-year prison term and other sanctions. At the initial appearance on June 12, 2020, the government moved for detention, and defendant requested a hearing. The undersigned heard the motion on June 18, 2020. The United States was represented by Assistant United States Attorney Scott Zsarzycki and the defendant was represented by Attorney Steven Bradley. All parties consented to proceed through video conferencing under the authority granted to the United States Courts under the CARES Act. Upon consideration of the applicable requirements of 18 U.S.C. § 3142, the government's motion for detention is DENIED.

The government proffered the report of Pretrial Services prepared by United States Pretrial Services Officer Cassandra Stolarik, Government Exhibits 1 – 16, and the affidavit attached to the complaint. The court received those exhibits and that report with no objection from the defense. In addition, FBI Agent William Hasty testified on direct and cross examination. The court found and the parties agreed that no presumption for detention existed; to the contrary, all parties concurred that the defendant was presumed to be entitled to bond unless the government could prove by clear and convincing evidence that no condition or combination of bond conditions could reasonably assure the safety of the community or other persons.[1]

Pretrial Services Officer Stolarik, applying the Pretrial Risk Assessment instrument, categorized Buchanan as a Category 2 risk, the second lowest rating available. Based upon that finding and her evaluation of the facts and circumstances surrounding Buchanan, Officer Stolarik recommended that Buchanan be released on bond subject to conditions.

The charge against Buchanan arose from his alleged participation in protests in downtown Cleveland on May 30, 2020, which allegedly moved from peaceful to violent. Specifically, Buchanan was charged with entering the premises of a downtown Cleveland cupcake store, removing a stool from that store, exiting the premises, smashing another plate glass window with the stool and, apparently, cooperating with other suspects who also entered the store and terrorized the store owner and four employees to the point that they had to seek safety by locking themselves in a store restroom for approximately ten minutes.

---

[1] The Government did not argue that defendant was a risk of flight.

The government focused its argument upon the nature and circumstances of the charged offense, consistent with 18 U.S.C. § 3142(g)(1). It contended Buchanan had committed a violent offense. It did not assert that Buchanan was the person who first smashed the window of the cupcake store or that he was the person who fired a bullet through the front window of the store (as the owner was reported to believe someone had done). Further, the government did not contend that the defendant removed anything other than a stool from the store (e.g. point of sale tablet computers). The government asserted that the evidence against the defendant on the charged offense was strong. Further, the government produced evidence that Buchanan broke windows at a nearby bank. It offered evidence that defendant had possession of a deer-hunting trophy that had been stolen from a sporting goods store; but it did not assert that Buchanan stole the item. The government offered evidence that defendant entered a grocery store where windows had been broken; but it did not contend Buchanan broke those windows. The government offered evidence that items were stolen (including Crown Royal whiskey) from a beverage store or bar and offered evidence that Buchanan admitted selling two bottles of that whiskey. The government offered evidence that defendant stated he was motivated to attack the cupcake store because he believed the owner had contributed to a defense fund for police officers accused of killing Tamir Rice. The government contended that the all of these facts, taken together, constituted clear and convincing evidence that no condition or combination of bond conditions would reasonably assure the safety of the community.

Defendant's counsel proffered information from the report of Pretrial Services including Officer Stolarik's bond recommendation. He pointed out that defendant had strong family ties, was a lifetime resident of the community; had a safe place to live; could live somewhere where

no weapons would be found; had no evidence of current substance abuse; had no criminal record whatsoever; was working two jobs, and could return to those jobs as long as he was not detained beyond the point where his personal time off (PTO) days were exhausted. Defense counsel, while acknowledging the wrongfulness of Buchanan's charged conduct, proffered that Buchanan would be amenable to restrictions that could be put in place if he were released on bond.

The court finds this case is one in which there is no rebuttable presumption for detention. To the contrary, the presumption is that bond should be approved unless the government proves by clear and convincing evidence that there are no conditions of bond which would reasonably assure the safety of the community.

This case presents a highly publicized situation in which defendant is seen in government evidence vandalizing a business, apparently removing a stool from the business, and smashing a plate glass window with that stool. People were present in the business at the time of the offense, but the government proffered no evidence that defendant interacted directly with any of those persons or was even aware that people were present in the store. Nevertheless, the government offered evidence that the occupants of the business were terrified and sought shelter as a result of an incident in which Buchanan was a participant. These facts support the government's motion for detention.

The government's evidence did not truly address the issue the court must decide: whether the defendant was likely to comply with the court's bond requirements. The government's sole contention on this point was that defendant was not forthright with law enforcement concerning: how he came into possession of a stolen deer-hunting trophy and what time he went home after the events of May 30. And the government pointed out that defendant made his Instagram

4

account private soon after the incidents at issue and did not keep the clothing he wore at the time of the event. But the defense pointed out that Buchanan agreed to speak to the police and gave a 2.5-hour interview after signing a waiver acknowledging his *Miranda* rights had been given and waiving his right to be interviewed in the presence of a lawyer. The government's evidence concerning Buchanan's likely compliance with bond conditions was not strong.

The defense evidence on Buchanan's likely compliance with bond conditions was more persuasive. Buchanan has no criminal record, comes from a strong family, is working two jobs, is not doing drugs, and runs his own tea and herb business. Apart from the events of the day at issue, no evidence indicates Buchanan has a disposition to engage in violent conduct. And that is undoubtedly why he was rated a PTRA Category 2 risk and why the Pretrial Services officer recommended bond. The court quite literally has no basis upon which to conclude that Buchanan, now facing severe consequences from his alleged behavior, would not comply with the court's bond requirements.

Based upon an examination of the totality of the evidence before the court and an application of all the standards in 18 U.S.C. § 3142, the court finds the government did not carry its burden to show by clear and convincing evidence that no combination of bond conditions could assure the safety of the community. The government did not argue that no bond conditions could reasonably assure the appearance of the defendant at future court proceedings.

The court will grant defendant a $20,000 unsecured bond subject to standard and special conditions of release. Further defendant will be subject to curfew and location monitoring at a residence that must be approved by Pretrial Services. The U.S. Pretrial Services and Probation

department must verify that the residence is suitable before defendant may be released. Should it find the residence unsuitable, the court reserves the right to modify this ruling.

II.     **Government's Motion for Stay of Execution of Bond Order**

Subsequent to the detention hearing conducted on June 18, 2020, the government filed a motion for stay of execution of the foregoing bond order (ECF Doc. 8). In order to afford an opportunity for appeal; the court will GRANT the motion for STAY and Defendant Buchanan shall be remanded to the custody of the United States Marshal until such appeal is determined.

IT IS SO ORDERED.

Dated: June 18, 2020

Thomas M. Parker
United States Magistrate Judge