IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20MJ4203 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA BARKER |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | BRIEF IN OPPOSITION TO MOTION |
| T'ANDRE BUCHANAN, JR., | ) | TO REVOKE ORDER OF RELEASE |
| | ) | |
| Defendant. | ) | |

Now comes Defendant, T'Andre Buchanan, Jr., by and through undersigned counsel, and hereby submits the within Brief in Opposition to the Government's Motion to Revoke Order of Release. (ECF No. 13).

For the reasons set forth in the attached memorandum, the Government's motion should be denied and the Defendant remain subject to pre-trial release with conditions as ordered by Magistrate Judge Parker following an evidentiary hearing conducted June 18, 2020.

Respectfully submitted,

/s/ Steven L. Bradley
STEVEN L. BRADLEY (0046622)
Marein & Bradley
The Leader Building, Suite 222
526 Superior Avenue
Cleveland, Ohio 44114
(216) 781-0722
steve@mareinandbradley.com

CERTIFICATE OF SERVICE

A copy of the foregoing *Brief in Opposition to Motion to Revoke Order of Release* was served by Electronic Mail to all parties this 29th day of June, 2020.

/s/ Steven L. Bradley
STEVEN L. BRADLEY (0046622)

**MEMORANDUM**

**INTRODUCTION**

There is no dispute that the Defendant participated in the peaceful protest of the death of George Floyd and the Black Lives Matter movement on May 30, 2020 in Downtown Cleveland, Ohio. Eventually the protest turned violent after police shot pepper balls, pepper spray and canisters of chemical fumes into the crowds. The protesters turned violent which ultimately resulted in considerable damage to property and small businesses througout the City of Cleveland. Whether the Defendant is guilty of the offense charged is a matter for another day. The sole issue before the Court is whether he is entitled to pre-trial release while awaiting trial.

Following a lengthy evidentiary hearing, Magistrate Judge Parker weighed the evidence and arguments of counsel and agreed to adopt the recommendation of Pre-Trial Services in ordering that the Defendant be released on an unsecured appearance bond with various conditions to include a curfew as well as electronic monitoring. (ECF No. 10).

At page 2 of its Order granting pretrial release the court noted:

> The court found and the parties agreed that no presumption for detention existed; to the contrary, all parties concurred that the Defendant was presumed to be entitled to a bond unless the government could prove by clear and convincing evidence that no condition or combination of bond conditions could reasonably assure the safety of the community or other persons.[1]

The Court in its Order of release (pp. 3-6) then painstakingly summarized the evidence and arguments of both the Government and the defense and thereafter concluded as follows:

> The defense evidence on Buchanan's likely compliance with bond conditions was more persuasive. Buchanan has no criminal record, comes from a strong family, is working two jobs, is not doing drugs, and runs his own tea and herb business. Apart from the events of the day at issue, no evidence indicates Buchanan has a disposition to engage in violent conduct. And that is undoubtedly why he was rated a PTRA Category 2 risk and why the Pretrial Services officer recommended

---

[1] The Government did not argue that Defendant was a risk of flight.

bond. The court quite literally has no basis upon which to conclude that Buchanan, now facing severe consequences from his alleged behavior, would not comply with the court's bond requirements.

The Government, in its appeal of Judge Parker's decision, fails to present any additional evidence or argument to meet it burden of demonstrating that no conditions of bond exist that could reasonably assure the safety of the community. Rather, the Government offers a recapitulation of its earlier evidence and arguments which have already been thoughtfully considered and analyzed by the Court at the Detention hearing conducted on June 18, 2020. This Court should deny the Government's motion and instead adopt the opinion and recommendation set forth in the Magistrate Judge's Order regarding the Defendant's pretrial release.

## **ARGUMENT**

At the outset, it is important to note that no presumption for pretrial detention exists in this case. 18 U.S.C. § 3142(e). Rather, the presumption exists that pretrial release should be granted unless the Government proves by clear and convincing evidence that no conditions of pretrial release exist which could reasonable protect the safety of the community. (ECF No. 10, p.2). Thus, the burden lies with the Government to prove that no such sufficient conditions exist utilizing the following factors set forth in 18 U.S.C. § 3142(g):

> **(g)Factors To Be Considered.—**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> **(2 )**the weight of the evidence against the person;
> **(3)** the history and characteristics of the person, including—
> > **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

>>criminal history, and record concerning appearance at court proceedings; and
>>**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

In applying the above factors to this case, Magistrate Judge Parker engaged in a thorough and thoughtful discussion of the analysis of the statutory factors in consideration of the evidence and arguments presented by both parties.  The defense incorporates herein the discussion and analysis in applying the Section 3142 factors to the evidence in this case as set forth at pp. 3-6 of the Court's Order of Pretrial Release.

Moreover, the Court's Order of Pretrial Release (ECF No. 10, p.4) correctly notes that "[t]he government's evidence did not truly address the issue the court must decide; whether the Defendant is likely to comply with the court's bond requirements."  The Court thereafter considered this issue in light of the evidence and arguments of both counsel and concluded that:

>The defense evidence on Buchanan's likely compliance with bond conditions was more persuasive.  Buchanan has no criminal record, comes from a strong family, is working two jobs, is not doing drugs, and runs his own tea and herb business.  Apart from the events of the day at issue, no evidence indicates Buchanan has a disposition to engage in violent conduct.  And that is undoubtedly why he was rated a PTRA Category 2 risk and why the Pretrial Services officer recommended bond.  The court quite literally has no basis upon which to conclude that Buchanan, now facing severe consequences from his alleged behavior, would not comply with the court's bond requirements

The Defendant incorporates herein the analysis and conclusions set forth in the Magistrate Judge's Order, together with the recommendation of Pre-Trial Services, which are persuasive and correct and should be adopted by this Court.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court deny the Government's Motion to Revoke Order of Release and instead adopt the opinion and recommendation set forth in the Magistrate Judge's Order.

Respectfully submitted,

/s/ Steven L. Bradley
STEVEN L. BRADLEY (0096839)
Marein & Bradley
222 Leader Building
526 Superior Avenue
Cleveland, Ohio 44114
(216) 781-0722
(216) 781-6010 FAX
steve@mareinandbradley.com

CERTIFICATE OF SERVICE

A copy of the foregoing *Brief in Opposition to Motion to Revoke Order of Release* was served by Electronic Mail to all parties this 29th day of June, 2020.

/s/ Steven L. Bradley
STEVEN L. BRADLEY (0046622)