## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-388 |
| | ) | |
| Plaintiff, | ) | Judge Donald C. Nugent |
| | ) | |
| v. | ) | **DEFENDANT'S TRIAL BRIEF** |
| | ) | |
| TANDRE BUCHANAN, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Tandre Buchanan submits his response to the government's trial brief (Doc. 52). In its trial brief, the government says that it will introduce *excerpts* of a recorded law enforcement interview with Buchanan. (Doc. 52 at 3-4). It will not introduce the entirety of the interview, and it will object to Buchanan attempting to introduce the excluded excerpts, which are exculpatory. (*Id.* at 4) ("a defendant is not permitted to introduce his own statements under the same Rule"). The Rules of Evidence do not mandate this inequity. *See, e.g.*, *United States v. Sutton*, 201 F.2d 1346, 1369 (D.C. Cir. 1986) ("The most sensible course is to allow the prosecution to introduce the inculpatory statements. The defense can then argue to the court that the statements are misleading because of a lack of context, after which the court can, in its discretion, permit such limited portions to be contemporaneously introduced as will remove the distortion that otherwise would accompany the prosecution's evidence."); *United States v. Lopez*, 4 F.4th 706, 715 (9th Cir. 2021) (holding district court abused its discretion in excluding portion of recorded interview offered by the defense because "[t]here is no conflict between evidence introduced under the rule of completeness and the bar on inadmissible hearsay because the former serves the purpose of correcting a distortion created by an opposing party's misleading proffer of part of a document or recording, while the latter serves the purpose of barring

introduction of hearsay evidence proffered for its truth"); *United States v. Coplan*, 703 F.3d 46, 85 (2d Cir. 2012) (noting that evidence proffered under Rule 106 is not properly excluded because it is hearsay but must be assessed under "the Rule 106 standard"); *United States v. Paquet*, 484 F.2d 208, 212 (5th Cir. 1973) ("If it were competent for one party to prove this conversation, it was equally competent for the other party to prove their version of it.") (citations omitted).

True, as the government notes, the Sixth Circuit has held that the rule of completeness "is not designed to make something admissible that should be excluded." *United States v. Costner*, 684 F.2d 370, 373 (6th Cir. 1982). But the Sixth Circuit has often been critical of this holding. *United States v. Adams*, 722 F.3d 788, 826 n.31 (6th Cir. 2013) (noting "that should this court sitting en banc address whether Rule 106 requires that the other evidence be otherwise admissible, it might consider," among other authorities, "*United States v. Sutton*, 801 F.2d 1346, 1368 (D.C. Cir. 1986) ('The structure of the Federal Rules of Evidence indicates that Rule 106 is concerned with more than merely the order of proof. . . . Rule 106 can adequately fulfill its function only by permitting the admission of some otherwise inadmissible evidence when the court finds in fairness that the proffered evidence should be considered contemporaneously. A contrary construction raises the specter of distorted and misleading trials, and creates difficulties for both litigants and the trial court.'"); *Adams*, 722 F.3d at 826 (noting that its decision in *Costner* is "[r]ight or wrong"). Indeed, Rule 106 permits a party to "require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Thus, if the government's introduction of only excerpts of Buchanan's interview creates a "misleading impression," *Lopez*, 4 F.4th at 715; *Sutton*, 801 F.2d at 1369 (rule of completeness permits the introduction of exculpatory

statements if the government's proffer is "misleading because of a lack of context"), then the Court should, under Rule 106, permit Buchanan to offer excerpts of the interview to correct the misleading impression.

Dated: November 26, 2021

Respectfully submitted,

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)
MAREIN & BRADLEY
526 Superior Ave.
Suite 222
Cleveland, Ohio 44114
Phone: (216) 781-0722
Email: steve@mareinandbradley.com

*Counsel for Defendant Tandre Buchanan*

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed on November 26, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Steven L. Bradley*
Steven L. Bradley (0046622)